UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASSHA JASON,

                          Plaintiff,

-against-

VERNON L. BESLOW, III; JUDGE JOSEPH ELLIS; JUDGE RICARDO RIGUAL; JUDGE GEORGIA K. SUTTON; VALERIE JEAN MAYO,

                          Defendants.

21-CV-9520 (JPO)

TRANSFER ORDER

J. PAUL OETKEN, United States District Judge:

      Plaintiff, who is a resident of Brooklyn, New York, brings this *pro se* action under the Court's federal question and diversity of citizenship jurisdiction, alleging that Defendants violated her rights under the federal constitution and state law. Named as Defendants are Vernon L. Beslow III, Judge Joseph Ellis, Judge Ricardo Rigual, Judge Georgia K. Sutton, and Acting Judge Valerie Jean Mayo. Plaintiff lists Virginia addresses for all defendants. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Virginia.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

      (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject

to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring in Spotsylvania County, Virginia, and the surrounding areas. Plaintiff lists addresses for Defendants in Fredericksburg, Virginia; Port Royal, Virginia; Spotsylvania, Virginia; and Colonia Beach, Virginia. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district,[1] venue is not proper in this Court under Section 1391(b).

Plaintiff's claims arose in and around Spotsylvania County, Virginia, which is where all defendants reside. Spotsylvania County is in the Eastern District of Virginia.[2] *See* 28 U.S.C. § 127(a). Accordingly, venue lies in the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Virginia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia. Whether summonses shall issue from the transferee court is an issue to be determined by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] To the extent any of the events giving rise to Plaintiff's claims occurred in New York, those events likely occurred in Brooklyn, New York, where Plaintiff resides. Brooklyn is located in Kings County New York, which falls within the Eastern District of New York.

[2] All of the addresses listed for defendants, including those located outside Spotsylvania County, fall within the Eastern District of Virginia. *See* 28 U.S.C. § 127.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 12, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge